UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ALLEN KEE,                                           :
                                                     :
       Plaintiff,                                  :  Civil Case No. 1:24-cv-08270 (ALC) (BCM)
                                                     :
  v.                                                 :
                                                     :
BARRY SANDERS and BARRY                              :
SANDERS, INC.,                                       :
                                                     :
       Defendants.                                 :
--------------------------------------------------------X

**DEFENDANTS' REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS
<u>FOR LACK OF PERSONAL JURISDICTION AND PROPER VENUE</u>**

FRANKFURT KURNIT KLEIN + SELZ, PC
Edward H. Rosenthal
Nicole Bergstrom
Khasim K. Lockhart
28 Liberty Street, 35th Fl.
New York, NY 10005
(21) 980-0120
erosenthal@fkks.com
nbegstrom@fkks.com
klockhart@fkks.com

*Attorneys for Defendants*

**TABLE OF CONTENTS**

                                                              **Page**

PRELIMINARY STATEMENT .................................................................................................... 1

I. THIS COURT LACKS PERSONAL JURISDICTION OVER THE
SANDERS PARTIES ........................................................................................................ 3

     A. The Fact that Barry Sanders Played in the NFL and is a
Member of the NFLPA Does Not Create a Basis for
Personal Jurisdiction in New York ........................................................................ 3

     B. The 2003 License Does Not Provide a Basis for Jurisdiction
Over the Sanders Parties ........................................................................................ 5

     C. Barry Sanders' Appearance at 2024 FanaticsFest Is Irrelevant
to Jurisdiction ......................................................................................................... 7

II. EXERCISING JURISDICTION OVER THE SANDERS PARTIES
WOULD VIOLATE DUE PROCESS .............................................................................. 7

III. PLAINTIFF IS NOT ENTITLED TO JURISDICTIONAL DISCOVERY ...................... 8

IV. VENUE IS IMPROPER IN THIS DISTRICT .................................................................. 9

CONCLUSION ............................................................................................................................ 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Century Sports, Inc. v. Ross Bicycles, LLC*,
 No. 19-CV-4842(JS)(ARL), 2021 WL 1108639 (E.D.N.Y. Mar. 23, 2021)...........................6

*Corcovado Music Corp. v. Hollis Music, Inc.*,
 981 F.2d 679 (2d Cir. 1993).................................................................................................6

*German Educ. Television Network, Ltd. v. Oregon Pub. Broad. Co.*,
 569 F. Supp. 1529 (S.D.N.Y. 1983)....................................................................................10

*Jazini v. Nissan Motor Co.*,
 148 F.3d 181 (2d Cir. 1998).................................................................................................7

*Kee v. Detroit Lions, Inc.*,
 No. 24-CV-223 (ALC), 2025 WL 965786 (S.D.N.Y. Mar. 30, 2025). In the
 Lions Action, this Court...................................................................................................1

*Malone v. Commonwealth Edison Co.*,
 2 F. Supp. 2d 545 (S.D.N.Y. 1998) ......................................................................................3

*Moussaoui v. Bank of Beirut & the Arab Countries*,
 No. 23-7332, 2024 WL 4615732 (2d Cir. Oct. 30, 2024)....................................................9

*P & L Dev., LLC v. Gerber Prods. Co.*,
 715 F. Supp. 3d 435 (E.D.N.Y. 2024) .................................................................................9

*Phillips v. Audio Active Ltd.*,
 494 F.3d 378 (2d Cir. 2007)............................................................................................6, 7

*Rosenberg v. PK Graphics*,
 No. 03 CIV. 6655 (NRB), 2004 WL 1057621 (S.D.N.Y. May 10, 2004)................................8

*Royal & Sun All. Ins., PLC v. Nippon Express USA, Inc.*,
 202 F. Supp. 3d 399 (S.D.N.Y. 2016).................................................................................10

*U. S. ex rel. Rudick v. Laird*,
 412 F.2d 16 (2d Cir. 1969).............................................................................................9, 10

*Sea Tow Services International, Inc. v. Pontin*,
 472 F. Supp. 2d 349 (E.D.N.Y. 2007) (Opp. )......................................................................5

*Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*,
 450 F.3d 100 (2d Cir. 2006) (Opp. ).....................................................................................5

*Walden v. Fiore*,
   571 U.S. 277 (2014) ..........................................................................................................3, 4

*Wang v. Tavernier*,
   No. 13 CIV. 4296 (PGG), 2014 WL 11353150 (S.D.N.Y. Sept. 26, 2014),
   *aff'd sub nom. Fen Wang v. Tavernier*, 621 F. App'x 83 (2d Cir. 2015) .................................10

*Williams v. Summit Marine, Inc.*,
   No. 518CV216GLSATB, 2019 WL 4142635 (N.D.N.Y. Aug. 30, 2019) .................................6

**Statutes**

28 U.S.C. § 1391(b)(2) .................................................................................................................9

28 U.S.C. § 1404(a) ...................................................................................................................10

**PRELIMINARY STATEMENT**[1]

In their Opening Brief, the Sanders Parties demonstrate that this Court lacks personal jurisdiction over Sanders—a Michigan resident who lacks any property or bank accounts, and does no business in the State—and BSI—a Michigan corporation that lacks any offices or employees, and does no business in the State. Plaintiff's jurisdictional allegations rest entirely on a fallacy—rejected by clear Supreme Court precedent—that jurisdiction may attach solely based on the Sanders Parties' purported ties to third parties who do business or are located in New York, rather than to the forum itself. Plaintiff's Opposition doubles down on this fallacy. That is clear from the very first paragraph of the brief, which contends that specific personal jurisdiction over the Sanders Parties somehow lies "[b]ecause of the centrality of *the National Football League* ("NFL") and *its* crucially relevant conduct acting as an agent for the Detroit Lions, together with Mr. Sanders' own choices in contracting with *parties located in New York*." *See* Opp. at 1 (emphasis added). As this Court recognized in the Lions Action, Plaintiff's argument fails as a matter of law.

Indeed, the Opposition only serves to confirm that the Sanders Parties' purported "thread [to New York] is far too attenuated" to support personal jurisdiction or to conclude that haling Mr. Sanders or BSI into court here based on Plaintiff's claim could comport with Due Process. *See Kee v. Detroit Lions, Inc.,* No. 24-CV-223 (ALC), 2025 WL 965786, at *5 (S.D.N.Y. Mar. 30, 2025). In the Lions Action, this Court rejected Plaintiff's efforts to use the contacts of the Detroit Lions—the team that Mr. Sanders famously played for in the NFL—with New York-

---

[1] Unless otherwise noted, capitalized terms herein have the same meaning as in Defendants' Memorandum of Law in Support of their Motion to Dismiss (Dkt. No. 36, the "Opening Brief"). Plaintiff's Memorandum of Law in Opposition to the Motion to Dismiss, Dkt. No. 41, the "Opposition" (or cited as "Opp.").

based entities to secure jurisdiction over the Lions. In the Opposition, Plaintiff posits a complicated and convoluted chain of relationships and facts that—even if accepted at face value—reflects that the Sanders Parties are, at best, multiple degrees of separation further removed from New York than even the Detroit Lions. *See* Opp. at 7-8.[2]

Plaintiff's continued reliance on a purported 2003 license agreement fares no better. The Sanders Parties already have explained why Plaintiff's attempt to rely on the theoretical existence of a New York venue provision in that agreement allowing Sanders to use the Photograph on the cover of his autobiography (a use that is not challenged by Plaintiff), and to which Plaintiff was concededly not a party, is unavailing. *See* Opening Brief at 14-15. Plaintiff's Opposition adds nothing new or material. The mere fact that such an agreement (which neither Plaintiff nor the Sanders Parties can locate) might have existed twenty years ago does not support Plaintiff's allegations that the agreement would have contained a New York forum selection clause or that such a clause would govern Plaintiff's claims in this case.

Finally, in a last-ditch effort to manufacture jurisdiction, Plaintiff engages in rampant speculation about Sanders' appearance at the August 2024 "FanaticsFest NYC," baldly theorizing that Sanders *may* have "displayed or sold" products infringing Plaintiff's copyright while at the event in New York City. Opp. at 10-11. Plaintiff's efforts to add further unsupported and unpled allegations to his claims does not change the jurisdictional analysis, and this Court should reject his efforts to litigate his claims in this forum.

---

[2] Plaintiff notes that he has moved for reconsideration of the Court's ruling in the Lions Action and argues that jurisdiction over each defendant must be considered independently. *See* Opp. at 10. However, he may not use this submission to relitigate the Court's ruling in the Lions Action or secure additional briefing on his reconsideration motion.

2

For the reasons set forth below and in the Opening Brief, this Court should grant the Sanders Parties' motion to dismiss this case for lack of personal jurisdiction and improper venue, without allowing Plaintiff to pursue his entirely speculative claims through jurisdictional discovery.

**I.   THIS COURT LACKS PERSONAL JURISDICTION OVER THE SANDERS PARTIES**

**A.   The Fact that Barry Sanders Played in the NFL and is a Member of the NFLPA Does Not Create a Basis for Personal Jurisdiction in New York**

Plaintiff's primary argument in Opposition is that the "centrality of the NFL" to this case creates personal jurisdiction over the Sanders Parties. *See* Opp. at 1. In a tortured series of allegations (*see id.* at 7-8), he claims that because Sanders—like every other NFL player—was required to have a playing contract governed by New York law, and because that agreement required him to assign his name, image and likeness rights to the NFL Players' Association (the "NFLPA"), he is subject to jurisdiction here. *Id.* at 1. This argument again relies on the ties of third parties to New York, and fails.

Of course, Plaintiff's present claims do not arise out of Sanders' agreement to play for the Detroit Lions. Even if the NFLPA were headquartered in New York, instead of Washington, D.C. (*see Leading the Charge*, NFL Players Association, https://nflpa.com/posts/leading-the-charge (last visited July 11, 2025)), and even if the Collective Bargaining Agreement ("CBA") specified New York law for matters arising thereunder, these facts cannot be imputed to the Sanders Parties or used as a basis for jurisdiction over the Sanders Parties in this entirely unrelated action. *See Walden v. Fiore*, 571 U.S. 277, 286 (2014); *Malone v. Commonwealth Edison Co.*, 2 F. Supp. 2d 545, 547 (S.D.N.Y. 1998) (rejecting plaintiff's attempt to establish personal jurisdiction over a local union based upon the national union being subject to personal jurisdiction in New York and stating, "this theory, by which largely autonomous union locals of

3

national unions would be subject to personal jurisdiction in every district in the county, has been repeatedly rejected."). To find otherwise would subject every person who has ever played in the NFL (or is a member of the players union)[3] to personal jurisdiction in New York for claims unrelated to his playing career or the union. This of guilt-by-association theory ignores the fundamental requirement that the defendant—not someone else—must have purposefully availed themselves of the forum.

In trying to distinguish clear Supreme Court precedent in *Walden* that forecloses his argument, Plaintiff mischaracterizes the case. *See* Opp. at 7 (stating, "Defendants conspicuously ignore the Supreme Courts' elaboration…clarifying that 'we have upheld the assertion of jurisdiction over defendants who have purposefully 'reach[ed] out beyond' their State and into another by…entering a contractual relationship that 'envisioned continuing and wide-reaching contacts' in the forum State…or by circulating magazines to 'deliberately exploi[t]' a market in the forum State.'"). While the Supreme Court in *Walden* recognized that purposeful availment may exist where a defendant has "deliberately exploi[ted]" a market or entered into contracts envisioning continuing and wide-reaching contacts in the forum, Plaintiff alleges no such conduct here.

In the bullets that follow this argument (Opp. at 7-8), the only action by Sanders that Plaintiff points to is entering into the contract required to play in the NFL. The remaining allegations relate to actions not by Sanders, but by the NFLPA and NFL, and *Walden* explicitly rejected the notion that "a defendant's relationship with a plaintiff or third party, standing alone" can establish jurisdiction. *See id* at 285-86 (stating, "it is the defendant's conduct that must form

---

[3] The NFLPA represents all current and many former NFL players. *See About the NFLPA*, NFL Players Association, https://nflpa.com/about (last visited July 11, 2025); *Former Players*, NFL Players Association, https://nflpa.bcm/former-players (last visited July 11, 2025).

4

the necessary connection with the forum State that is the basis for its jurisdiction over him[,]" and reinforcing that "due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State.").

The cases cited by Plaintiff in support of his position do not help him. In *Sea Tow Services International, Inc. v. Pontin*, 472 F. Supp. 2d 349, 359–60 (E.D.N.Y. 2007) (Opp. at 10), jurisdiction was based on a preexisting licensing agreement between the defendant and plaintiff, a New York company. The dispute in *Sea Tow* directly concerned the validity of a license between plaintiff and defendant, which is not the case here. Furthermore, the contract at issue required defendants to perform in New York by mailing payments to plaintiff's headquarters in New York. There is no such analogous relationship here—Plaintiff does not have any agreement with the Sanders Parties.

Plaintiff's reliance on *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 105 (2d Cir. 2006) (Opp. at 10), is similarly misplaced. He cites the case, which involved a challenge to an arbitrator's award, for the proposition that the conduct of an arbitrator occurring outside of New York can support jurisdiction if it bears a substantial relationship to the forum. The Second Circuit, however, found there to be a substantial relationship between the challenge to the arbitrator's decision and the contract that provided for the arbitration, which concerned the transaction of business in New York. *Id* at 104.

### B.  The 2003 License Does Not Provide a Basis for Jurisdiction Over the Sanders Parties

In their Opening Brief, the Sanders Parties demonstrated why the alleged 2003 license by which Sanders purportedly licensed the photograph for the cover of his autobiography (which is not a subject of any claim here) does not confer jurisdiction over the Sanders Parties. Plaintiff

5

can only speculate that that agreement would have contained a New York venue provision. *See* Opp. at 14-15. In his Opposition, Plaintiff claims that these allegations are not speculative because "the NFL is headquartered [here]" and "every such license issued by NFL Photos included such terms." *See* Opp. at 11. But this simply repeats Plaintiff's allegations without offering further support, and cannot satisfy Plaintiff's burden to establish a prima facie showing of jurisdiction. *See e.g. Century Sports, Inc. v. Ross Bicycles, LLC*, No. 19-CV-4842(JS)(ARL), 2021 WL 1108639, at *5 (E.D.N.Y. Mar. 23, 2021) (finding that plaintiff's assertion that defendants are subject to jurisdiction because they "undoubtedly included New York entities in their national campaign, particularly retailers located here[,]" as "entirely speculative and insufficient to confer personal jurisdiction over Defendants."). In any case, Plaintiff does nothing to counter the fact that his claims in this case do not arise out of that agreement, and thus it cannot confer jurisdiction. *See Williams v. Summit Marine, Inc.*, No. 518CV216GLSATB, 2019 WL 4142635, at *3 (N.D.N.Y. Aug. 30, 2019) (To establish personal jurisdiction over a non-domiciliary who transacts any business within the state or contracts to supply good or services in the state, "the claim must arise from that business transaction or from the contract to supply goods or services.").

Plaintiff attempts to distinguish *Corcovado Music Corp. v. Hollis Music, Inc.*, 981 F.2d 679 (2d Cir. 1993) and *Phillips v. Audio Active Ltd.*, 494 F.3d 378 (2d Cir. 2007), cases cited in the Opening Brief at 15, by asserting that he is not relying on a forum-selection clause but rather on "Defendants' transaction of business and ties to New York." *See* Opp. at 12-13. In both cases, however, the Second Circuit rejected jurisdiction because the claims did not arise out of those contracts. *See Corcovado*, 981 F.2d at 683-684 ("[T]he fact that the defendants have a separate contract with the seller…containing a forum-selection clause, do not, without more, entitle

6

defendants to haul plaintiff halfway across the world to enforce its rights."); *Phillips*, 494 F.3d at 391 ("In reasoning that [plaintiff's] copyright claims do not arise out of the contract because [plaintiff] has asserted no rights or duties under that contract, we find support in our decision in *Corcovado*…"). Notably, the *Phillips* Court also stated, "[w]e do not understand the words 'arise out of' as encompassing all claims that have some possible relationship with the contract, including claims that may only 'relate to,' be 'associated with,' or 'arise in connection with' the contract." *Philips*, 494 F.3d at 389. Plaintiff's attempt to use this unrelated agreement to confer jurisdiction here should similarly be rejected.

### C. Barry Sanders' Appearance at 2024 FanaticsFest Is Irrelevant to Jurisdiction

Failing to tie Sanders to the State in any colorable way, Plaintiff crafts a new allegation that appears nowhere in his Complaint. He claims that Barry Sanders' alleged participation in FanaticsFest 2024, a public event held in New York, should confer jurisdiction "if even one of the infringing products at issue was displayed or sold at [FanasticsFest]." *See* Opp. at 10-11. Importantly, by phrasing his allegations this way, Plaintiff demonstrates the speculative nature of his claim. Plaintiff presents no support for his claim that any allegedly infringing goods were sold at this event, and the Court need not credit this allegation. *See Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998) ("[W]e are not bound to accept as true a legal conclusion couched as a factual allegation.").[4]

## II. EXERCISING JURISDICTION OVER THE SANDERS PARTIES WOULD VIOLATE DUE PROCESS

---

[4] Plaintiff also makes reference to the *2025*—rather than *2024*—FanaticsFest Terms of Use to argue that Sanders is subject to the New York forum selection clause in that agreement. *See* Opp. at 4. Again, this is pure speculation, as Plaintiff has no information that the 2024 Terms of Use contained the same clause.

7

In little more than a paragraph, Plaintiff says that he "strongly disputes" that there are any Due Process concerns with respect to having his claims against the Sanders Parties heard in New York. *See* Opp. at 13. He once again points to alleged connections between the Sanders Parties and the NFL, arguing that the Sanders Parties may be hauled into court here because New York is where "the NFL is headquartered and from which all NFL-related operations, contracts, and business transactions stem." *Id.* And he again attempts to relitigate the dismissal of the Lions in the Lions Action. *Id.* Taken to its logical conclusion, Plaintiff's theory would mean that it would be reasonable for every current and former NFL player and team, regardless of where they reside or conduct business, to be subject to personal jurisdiction in New York for *any* dispute that even tangentially related to football. This does not comport with Due Process.

## III.   PLAINTIFF IS NOT ENTITLED TO JURISDICTIONAL DISCOVERY

Having failed to establish a *prima facie* case for personal jurisdiction, Plaintiff asks the Court for "limited jurisdictional discovery," but his request should be denied. Plaintiff acknowledges that he has no entitlement to discovery absent "at least a threshold showing that [defendant] 'transacts business' in New York based on the allegations." *Id.* at 14 (citing *Hollins v. U.S. Tennis Ass'n*, 469 F. Supp. 2d 67, 76 (E.D.N.Y. 2006)). For the reasons stated above, he has not made this threshold showing.

Plaintiff ignores this burden, claiming that "the specific details and complete terms of Defendants' extensive business transactions obviously are not in Plaintiffs' [sic] possession, however, as discussed herein, publicly available information certainly establishes the plausibility of Plaintiff's allegations." *See* Opp. at 16. But the premise of that argument—that Sanders engaged in business in New York at all—is entirely speculative, and Plaintiff should not be permitted to go on a broad fishing expedition in an effort to find some basis for jurisdiction. *See e.g., Rosenberg v. PK Graphics*, No. 03 CIV. 6655 (NRB), 2004 WL 1057621, at *1 (S.D.N.Y.

8

May 10, 2004) ("Whatever speculations or hopes plaintiff may have that further connections to New York will come to light in discovery, plaintiff has not provided sufficient facts to establish the jurisdiction that is a prerequisite to any such discovery."); *P & L Dev., LLC v. Gerber Prods. Co.*, 715 F. Supp. 3d 435, 457 (E.D.N.Y. 2024) ("But where the plaintiff offers only 'conclusory non-fact-specific jurisdictional allegations,' courts do 'not permit jurisdictional discovery on the basis of a generalized request more akin to a 'fishing expedition.''"). Courts in this Circuit routinely deny requests for jurisdictional discovery based, as Plaintiff does here, on pure speculation. *See Moussaoui v. Bank of Beirut & the Arab Countries*, No. 23-7332, 2024 WL 4615732, at *3 (2d Cir. Oct. 30, 2024) ("[W]e have held that when plaintiffs rely on 'mere speculation' or 'unfounded and speculative accusations,' a district court may properly deny their request for jurisdictional discovery."). Plaintiff's request should be denied.

## IV. VENUE IS IMPROPER IN THIS DISTRICT

In the Opening Brief, the Sanders Parties demonstrated that, separate of the jurisdictional deficiencies, venue is improper in this District as the Sanders Parties do not reside, are not incorporated and cannot be found in this District. *See* Br. At 16-17. In the Opposition, Plaintiff makes no argument specific to venue, but states that "[b]ecause a *prima facie* showing of personal jurisdiction has been satisfied, Defendants' additional argument that venue is improper in this Court is without merit" and "would be grossly inefficient, needlessly multiply the proceedings and may result in inconsistent rulings across the two Districts." *See* Opp. at 13- 14 (citing *Royal & Sun All. Ins., PLC v. Nippon Express USA, Inc.*, 202 F. Supp. 3d 399, 411 (S.D.N.Y. 2016)). Plaintiff is incorrect.

Jurisdiction and venue are distinct analyses, and venue must independently be proper under 28 U.S.C. § 1391(b)(2). *See U. S. ex rel. Rudick v. Laird*, 412 F.2d 16, 20 (2d Cir. 1969) ("The concepts of personal jurisdiction and venue are closely related but nonetheless distinct.");

9

*Wang v. Tavernier*, No. 13 CIV. 4296 (PGG), 2014 WL 11353150, at *5 (S.D.N.Y. Sept. 26, 2014), *aff'd sub nom. Fen Wang v. Tavernier*, 621 F. App'x 83 (2d Cir. 2015) (same); *German Educ. Television Network, Ltd. v. Oregon Pub. Broad. Co.*, 569 F. Supp. 1529, 1533 (S.D.N.Y. 1983) ([P]ersonal jurisdiction over the defendant may be present, but the defendant may still be in a position to argue that venue is improper."). Venue is not proper here for the reasons stated in the Opening Brief (*see id.* at 16-17), and Plaintiff makes no argument to the contrary in his Opposition..

Instead, he argues that it would be inefficient to dismiss on venue purposes because, in light of the Lions Action, it would "needlessly multiply the proceedings and may result in inconsistent rulings across the two Districts. Opp. at 13-14. However, this is not a case where certain of the parties may be split off and the same case may proceed in two districts. Plaintiff chose to file this action as an entirely separate one from the Lions Action. There is no reason that these cases could not continue to proceed separately, but in separate districts. Moreover, the case Plaintiff cites (Opp. at 13-14) involves a single proceeding, which, again, is not the issue here. In *Nippon Express*, which addresses transfer rather than dismissal, the Court declined to transfer the case under 28 U.S.C. § 1404(a) because it was nearing the close of discovery and "litigation appear[ed] to be well underway and moving towards trial." *Id*. Here, the case is in its infancy.

## CONCLUSION

For the foregoing reasons and the reasons stated in Defendants' opening brief, the Court lacks personal jurisdiction over Mr. Sanders and BSI, and venue is improper in this District. The Complaint should be dismissed pursuant to Fed. R. Civ. P 12(b)(2) and Fed. R. Civ. P. 12(b)(3).

Dated: New York, New York
       July 11, 2025

FRANKFURT KURNIT KLEIN + SELZ, PC

By: /s/ Edward H. Rosenthal
    Edward H. Rosenthal
    Nicole Bergstrom
    Khasim K. Lockhart
28 Liberty Street, 35th Fl.
New York, NY 10005
(212) 980-0120
erosenthal@fkks.com
nbegstrom@fkks.com
klockhart@fkks.com

*Attorneys for Defendants*

11